SHOUP *v.* CONWELL.

The plaintiff took out a writ of foreign attachment against the property of the defendant.  The latter gave bond, and his property was released, and at the succeeding term there was an order of publication.  At the term subsequent, the administrator of the plaintiff's estate appeared and suggested the death, since the last continuance, of the plaintiff, and it was ordered that the suit be revived in the name of the administrator.  Publication was proved.  At the next term the parties appeared, and the defendant failing and refusing to make any defence, judgment was rendered for the plaintiff with an award of execution.  The transcript contains a statement of the clerk that the defendant moved to dismiss the cause for want of a *scire facias*, and that the motion was overruled.  *Held*, that the statement of the clerk was no part of the record.  *Held*, also, that as the defendant appeared to the suit and suffered judgment to be rendered against him without objecting to the order of revival, he may be considered as having waived the objection.

APPEAL from the *Franklin* Circuit Court.

BLACKFORD, J.—On the 19th of *January*, 1849, one *James Conwell* took out a writ of foreign attachment against the property of the defendant, *Samuel Shoup*.  The cause of action set out in the affidavit and attachment was a promissory note dated in 1845, waiving all benefit of the appraisement laws.  The attachment was returned levied on certain property, real and personal, which is particularly described in the return.

VOL. II.—63

On the 23d of *January*, 1849, the said personal property was released upon the defendant's executing a bond agreeably to the statute.

At the *February* term, 1849, of the Circuit Court, there was an order of publication.

At the *August* term, 1849, *Francis A. Conwell*, administrator of the estate of said *James Conwell*, appeared and suggested the death, since the last continuance, of the said *James Conwell*. And it was thereupon ordered that the cause be revived in the name of said *Francis A. Conwell*, administrator as aforesaid.

Afterwards, at the said term of *August*, 1849, publication was duly proved.

At the *February* term, 1850, the plaintiff and defendant appeared by their respective attorneys, and the defendant failing and refusing to make any defence, the cause was submitted to the Court. Judgment was afterwards rendered for the plaintiff for the sum found to be due on the note sued on, with an award of execution against the defendant's property.

That is the whole case as shown by the transcript.

The defendant contends that the suit having abated by the death of *James Conwell*, the original plaintiff, it ought not to have been revived without a *scire facias*.

If the defendant had not noticed the suit after the order of revivor, or if, on the first opportunity, he had moved to set aside that order and his motion had been overruled, he might now have raised the question as to the necessity of a *scire facias* in the case. But supposing that a *scire facias*, as the defendant contends, ought to have issued, still as the defendant, after the order of revivor, appeared to the suit, and suffered a judgment to be rendered against him, without objecting to the order, he may be considered as having waived the objection.

It is true, there is, in the transcript, before the entry of the defendant's appearance, a statement of the clerk that the defendant moved to dismiss the cause for the want of a *scire facias*, and that the motion was overruled. That statement, however, is no part of the record, the motion

and decision on it not having been made a part of the record by a bill of exceptions.

The judgment is correctly rendered for the plaintiff for the sum found to be due on the note; and, as the defendant appeared to the suit, we see no objection to the award of execution against his property generally.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*J. D. Howland*, for the appellant.

*G. Holland*, for the appellee.